## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| NIKKI J. VESTAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:17-cv-155 |
| | ) |
| HEART OF CARDON, LLC, d/b/a | ) |
| LYONS HEALTH AND LIVING CENTER, | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
### AND REQUEST FOR TRIAL BY JURY

### I. INTRODUCTION

Plaintiff Nikki J. Vestal (hereinafter "Vestal") is pursuing claims under the Americans With Disabilities Act against her former employer, Defendant Heart of Cardon, LLC d/b/a Lyons Health and Living Center (hereinafter "Lyons Health") to remedy her wrongful and discriminatory termination of employment which occurred on May 2, 2016. Additionally, Vestal is pursuing a claim for unpaid wages, liquidated damages and attorney's fees and costs under the Indiana Wage Claims Statute, I.C. 22-2-9, based upon illegal deductions taken from her wages to, purportedly, cover the costs of a criminal background check run by Lyons Health on Vestal at the time Vestal was hired.

### II. FACTUAL ALLEGATIONS

1.  Vestal is a resident of Linton, Greene County, Indiana.

2.  Vestal worked for Lyons Health at is facility in Lyons, Greene County, Indiana from on or about January 13, 2016 until she was wrongfully terminated on May 2, 2016.

3.  Shortly after Vestal began her employment as a CNA at Lyons Health, Vestal was

diagnosed with Type II diabetes.  Vestal had been struggling with low blood sugar levels.  When her sugar is low, she becomes dizzy, experiences vision problems, and on some occasions passes out completely.

4.    Beginning the end of January 2016 and continuing through the time she was fired on May 2, 2016, Vestal was working with her physician to find medication and medication levels that would effectively help her deal with her diabetes on a day-to-day basis.

5.    In late January or early February 2016, right after learning that she had been diagnosed with diabetes, Vestal went to her Lyons Health Director of Nursing, Angie Jackson, and told her that she had diabetes, described her medications to her, told her where she kept her medication in case Vestal had an episode at work and needed help, and told her that she had put her husband James' telephone number on a piece of paper in her purse and asked that James be called if Vestal had a diabetes-related episode at work.

6.    Vestal made certain to tell her other coworkers, including staff nurses and other CNAs, that she had been diagnosed with diabetes and the requests she made for help if she had a diabetes episode.  In particular, Vestal described to Angie Jackson and a number of the other staff nurses and coworkers the particular medicine that Vestal kept in her purse and asked to have that medication administered to her if she had a diabetes episode.

7.    Prior to the May 2, 2016 date she was fired, Vestal had approximately four different diabetes episodes at work where her blood sugar level dropped severely and she became very dizzy and/or passed out.  On each of these four occasions, Vestal had to leave work and go home.  On one occasion, a coworker took Vestal home.

8.    Vestal did ask her Lyons Health supervisors to provide her reasonable accommodations for her diabetes, but those accommodations were not burdensome.  Essentially,

Vestal asked if she could be helped by coworkers if her blood sugar went low, administered her medication, and if her husband could be contacted if she had a diabetes episode at work.

9. On May 2, 2016, Vestal had a diabetes episode at work. She had just changed her medication from "Farxiga" to "Invokana." While at work, Vestal's blood sugar level dropped severely. She saw spots before her eyes, began to sweat profusely, and began to feel as though she was about to pass out. Vestal asked a coworker named Crystal to get help for her. At that point, Vestal did pass out. She was apparently put in a wheelchair and someone gave her orange juice in an attempt to increase her blood sugar level.

10. At that point, the Director of Nursing, Angie Jackson, came to the scene and began accusing Vestal of some kind of illegal drug use. Ms. Jackson then demanded that Vestal be subjected to a drug screen and gave Vestal some type of cup and ordered her to go into a bathroom and provide a urine sample. Vestal did as she was instructed, but passed out again in the bathroom.

11. Vestal was able to get word to her husband James that she was passing out at work. James arrived and found Vestal passed out in the bathroom. He took her home at that point.

12. Later that afternoon of May 2, 2016, Angie Jackson called and left a message for Vestal to call her. Vestal returned the call shortly afterward. Ms. Jackson told Vestal that she was fired.

13. Jackson went on to claim to Vestal that she had tested positive for methamphetamine. She told Vestal, "you're on drugs" and "you're not allowed back on the grounds."

14. This claim that Vestal had failed a drug screen is a lie. There are no drug screen

results. Vestal actually had to fight for unemployment benefits. When Lyons Health made a similar claim that Vestal had somehow tested positive for illegal drugs, the unemployment claims representative asked to see the drug screen results. No such drug screen record exists. More to the point, any bona fide drug screen would have included some lab testing of the urine sample and, if any substance showed in the test, a medical review officer would have contacted Vestal to ask if she was taking any prescription medication. Neither of those things occurred.

15. Vestal was not using illegal drugs and she did not fail any type of drug screen.

16. Instead, Lyons Health discriminated against Vestal because of her diabetes and fired her so that Lyons Health no longer had to worry or deal with Vestal's diabetes.

17. Before she was terminated, Vestal had not received any type of disciplinary warning and her job was in no jeopardy.

18. Vestal has been significantly harmed by Lyons Health's discriminatory termination of her employment. She is seeking all lost wages and benefits, reinstatement or front pay and benefits, and all compensatory and punitive damages, including compensatory damages for mental and emotional stress and anguish, humiliation, loss of enjoyment of life, career damage, and all pecuniary damages. Vestal is also seeking payment of all of her reasonable attorney's fees, costs and expenses.

19. Vestal's claim arises under the Americans with Disabilities Act (ADA). Her diabetes is a covered disability under the ADA and she was fired because of her disability.

20. Lyons Health took illegal wage deductions from Vestal's first two pay checks. Vestal's pay checks issued on January 25, 2016 and February 1, 2016 each contain a deduction for the sum of $13.75 described as "1CrimeHist." A cumulative total of at least $27.50 was deducted from Vestal's wages to cover these "1CrimeHist" events. Based upon information and

belief, Lyons Health had a criminal background check performed on Vestal at the time of her hiring and Lyons Health unlawfully passed some or all of its costs for this criminal background check on to Vestal by means of an illegal wage deduction which violates the Indiana Wage Assignment Statute, see I.C. 22-2-6-2, and the Indiana Wage Claims Statute. See, generally, I.C. 22-2-9.

21. Vestal seeks to recover all sums illegally deducted from her wages, additional liquidated damages in an amount equal to double the illegally deducted wages, along with her reasonable attorney's fees, costs and expenses.

### III. JURISDICTION AND VENUE

22. This Court has jurisdiction over Vestal's Americans With Disabilities Act claim as that claim raises a question of federal law. See 28 USC § 1331 and 42 USC § 12101 et seq. The Court has supplemental jurisdiction over Vestal's Indiana law wage and hour claim, which has a common basis in fact with Vestal's federal employment-based claim.

23. Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was and is now being committed in Greene County, Indiana.

### IV. PARTIES

24. Vestal is currently domiciled in and a resident of Linton, Greene County, Indiana.

25. Lyon's Health employed Vestal to work for it at its facility in Lyons, Greene County, Indiana.

### V. ADMINISTRATIVE PROCEDURES

26. Vestal has complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit. With respect to her claim under the Americans with Disabilities Act, Vestal received her Notice of Right to Sue from the Equal Employment

Opportunity Commission, which was dated February 10, 2017.  Additionally, Vestal was involuntarily terminated from employment by Lyons Health.  As such, Vestal's wage claims to recover illegally deducted amounts and underpaid wages arise under the Indiana Wage Claims Statute, I.C. 22-2-9.  Vestal obtained a letter from the Indiana Attorney General's Office dated November 15, 2016 which permits her attorney to file this wage claim on Vestal's behalf as the Indiana Attorney General's "designee."

## VI.  STATEMENT OF CLAIMS

### A.  CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT

27. Vestal incorporates herein by reference paragraphs 1 through 21 above.

28. Lyons Health knowingly and intentionally discriminated against Vestal in violation of the Americans with Disabilities Act and the Americans with Disabilities Act Amendments Act of 2008 ("ADA").

29. Lyons Health's violations of Vestal's ADA rights included, but are not limited to, the following:

    a. Discriminating against Vestal because of her particular disability, diabetes;

    b. Terminating Vestal in order to avoid providing Vestal reasonable accommodations to deal with her disability, diabetes, and related medical problems stemming from her diabetes (low blood sugar, passing out, etc...) In so doing, Lyons Health discriminated against Vestal because of her disability and it also failed to reasonably accommodate Vestal's known disability.

30. In this case, Lyons Health's decision to terminate Vestal based upon Vestal's

disclosure of her diabetes diagnosis and request for reasonable accommodations violates the ADA's prohibition against disability discrimination in employment decisions.

31. Vestal is a qualified individual with a disability who is capable of performing all essential functions of her CNA job with Lyons Health, with or without reasonable accommodation. Vestal's diabetes is a disability under the ADA, and it substantially impairs and significantly restricts Vestal, when compared to the average person in the general population, in a number of major life activities, including, but not limited to, eating, caring for herself, working, the operation of one or more bodily functions (particularly the endocrine function), and the operation of one or more cognitive functions (particularly thinking, concentrating and maintaining consciousness if her blood sugar runs extremely low).

32. Additionally, Lyons Health terminated Vestal and discriminated against Vestal based upon Lyons Health's regard of Vestal as being disabled with diabetes.

33. Lyons Health terminated Vestal rather than engage with her in the interactive communication process required under the ADA.

34. Lyons Health discriminated against and terminated Vestal for having engaged in protected activity, to wit, making known her disability, and her need for reasonable accommodations during times she suffered a periodic diabetes-related episode.

35. Prior to her termination from employment, Vestal performed her job duties well and met her employer's reasonable expectations.

36. Vestal's disability improperly motivated Lyons Health's decision to discharge her from employment. Such wrongful actions on the part of Lyons Health violate Title I of the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a and the Americans With Disabilities Amendments Act of 2008.

37. Lyons Health failed and refused to make reasonable accommodations to Vestal's known and/or perceived physical limitations, in violation of Title I of the Americans With Disabilities Act, 42 U.S.C. § 12112(b)(5)(A).  The effect of Lyons Health's conduct has been to deprive Vestal of equal employment opportunities and to deprive her of the same rights as are enjoyed by other citizens.

38. As a direct and proximate result of Lyons Health's conduct, Vestal has sustained substantial economic losses, including past and future wage losses, and other economic benefits. Vestal has also sustained the loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, career damage, mental and emotional distress, discomfort, and loss of enjoyment of life, all to her detriment and damage in amounts not fully ascertained.  Further, as described hereinabove, Lyons Health acted oppressively, maliciously, fraudulently and outrageously toward Vestal, with conscious disregard for Vestal's known rights and with the intention of causing unjust and cruel hardship to Vestal.  In acting in a deliberate and intentional manner, Lyons Health intended to and did injure and annoy Vestal.  Vestal is seeking punitive damages against Lyons Health for its violations of the ADA.

39. As a result of Lyons Health's discriminatory practices, Vestal is seeking all available compensatory damages, punitive damages, and any and all equitable relief available to her under the ADA.

40. As a result of Lyons Health's discriminatory practices, Vestal has found it necessary to retain the services of an attorney and is therefore entitled to her reasonable attorney's fees in this matter.

### B.  CLAIM UNDER THE INDIANA WAGE CLAIMS STATUTE

41. Vestal incorporates herein by reference paragraphs 1 - 21 above.

42.     Lyons Health's failure to pay Vestal her full wages, including the wages it illegally deducted from Vestal's first two pay checks, 1) on time and 2) in full were acts of bad faith.  Vestal is certainly entitled to payment of all of her earned wages, liquidated damages for the late paid wages, and liquidated damages for the unpaid wages.  Vestal's right to damages arises under I.C. 22-2-9-4(b), which incorporates the damages provisions of I.C. 22-2-5-2.

43.     By way of this Complaint, Vestal is seeking all available damages, including all unpaid wages caused by illegal wage deductions, an additional amount equal to two (2) times her unpaid wages, plus any and all attorney's fees, costs, and expenses, and any other damage which she may be entitled pursuant to Indiana Law.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nikki J. Vestal respectfully requests that the Court enter judgment against Lyons Health and issue all available relief to her, including, but not limited to, the following:

1. All damages available under the ADA;
2. All compensatory damages;
3. All punitive damages;
4. Any and all available equitable relief;
5. All back pay and benefits;
6. Reinstatement and/or front pay and benefits;
7. All reasonable attorney's fees and expenses;
8. All unpaid wages and liquidated damages under the Indiana Wage Claims Statute;
9. Costs;
10. Prejudgment interest, if available; and

11. Any and all other relief just and proper in the premises.

Respectfully submitted,

HUNT, HASSLER, KONDRAS & MILLER LLP

By /s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net

### *REQUEST FOR TRIAL BY JURY*

Comes now Plaintiff Nikki J. Vestal, by her counsel, and hereby requests a trial by jury on issues which may be tried to a jury.

Respectfully submitted,

HUNT, HASSLER, KONDRAS & MILLER LLP

By /s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net