UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NIKKI J. VESTAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00155-JMS-MJD |
| | ) | |
| HEART OF CARDON, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on Defendant's Unopposed Motion for Leave of Provision Requiring Attendance of Chief Executive Officer at Settlement Conference, filed on August 7, 2018. [*See* Dkt. 68.] The motion seeks leave from the provision requiring the attendance of Dr. Stephen Moore, chief executive officer of Heart of Cardon, LLC d/b/a Lyons Health and Living Center ("CarDon"), at the upcoming settlement conference on September 24, 2018. The motion seeks the Court to permit Michael A. Delph, CarDon's General Counsel, to attend the settlement conference. [Dkt. 68 at 1-2.]

In the motion, Defendant suggests that Dr. Moore has a scheduling conflict due to obligations to preside over executive-level financial review meetings scheduled in the afternoon on the date of the settlement conference. [Dkt. 68 at 2.] The Court notes that the order originally scheduling the settlement conference provided in relevant part as follows:

> A request to vacate or continue the settlement conference must be made by motion filed with the court **on or before June 27, 2018**, except in exigent circumstances. These motions will be granted only for good cause.

1

[Dkt. 67 at 4 (emphasis in original).] The purpose of that deadline was to ensure that notice of the settlement conference was provided to all required participants (which included Dr. Moore) so the Court might quickly address any scheduling conflicts that may have existed. Defendant did not raise Dr. Moore's conflict within the allotted window provided in the scheduling order; rather, the issue was not raised until nearly a month-and-a-half later. [Dkt. 67 and Dkt. 68.]

One of the primary points of scheduling the settlement conference so far in advance is to ensure the coordination of the schedules of all necessary participants so as to avoid any last minute scheduling conflicts. The Court must establish deadlines and counsel and the parties must meet those deadlines for the Court to have any ability to function. As noted by Judge Evans in *Spears v. City of Indianapolis*,

> We live in a world of deadlines. If we are late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.

74 F.3d 153, 157 (7th Cir. 1996); *see also United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1995) (Easterbrook, J.) ("Ignoring deadlines is the surest way to lose a case. Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations. Extended disregard of time limits (even the non-jurisdictional kind) is ruinous."); *Nw. Nat'l Insurance Co. v. Baltes*, 15 F.3d 660, 663 (7th Cir. 1994) ("Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won."). *Finwall v. City of Chi.*, 239 F.R.D. 494, 501 (N.D. Ill. 2006) (citing *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996)) ("Under the Federal Rules of Civil Procedure, it is the court's prerogative-indeed, its duty-to manage its caseload and enforce deadlines. It is not the right of a

2

party who chooses not to comply with those deadlines to be able to restructure them at will.").

Counsel were obligated to confirm the settlement conference date with their clients and required client representatives and immediately notify the Court of any conflict, so the settlement conference might be rescheduled while other dates were available. Having failed to do so, Defendant is obligated to demonstrate exigent circumstances to support leave of the required attendance of Dr. Moore, which has not been done here. The presently scheduled executive-level financial review meetings giving rise to Dr. Moore's conflict fail to demonstrate good cause, much less the exigent circumstances that are required to be shown at this late date.

Defendant's motion seeks permission for Mr. Delph to attend the settlement conference, in lieu of Dr. Moore. [Dkt. 68 at 1-2.] Mr. Delph currently acts as General Counsel for CarDon and as a member of its Senior Executive Team. [Dkt. 68 at 1-2.] While the Court does not prohibit Mr. Delph from attending the settlement conference, it does not absolve the requirement of Dr. Moore's attendance as the chief executive officer. The Court reiterates its prior order as well as its outlined purpose:

> **Defendant Heart of Cardon, LLC is ordered to appear by its chief executive officer, along with Defendant's counsel of record. Unless excused by order of the court, clients or client representatives with complete authority to negotiate and communicate a settlement shall attend the settlement conference along with their counsel . . . .** The purpose of this requirement is to have in attendance a representative who has the authority to exercise discretion to settle the case during the settlement conference without consulting someone else who is not present.

[Dkt. 67 at 1-2 (emphasis in original).] In this case, Dr. Moore, in his role as chief executive officer, has such required authority.

Federal district courts have the "inherent authority to manage and control the litigation before them." *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 650 (7th Cir. 1989)

(Defendant sending only its counsel and another attorney speaking for the corporation violated the court's order by failure to send requested corporate representative to pretrial settlement conference); *see also* Fed. R. Civ. P. 16. The Federal Rules of Civil Procedure "do not completely describe and limit the power of the federal courts" nor are "intended to be the exclusive authority for actions to be taken by district courts." *Heileman*, 871 F.2d at 651; *HMG Prop. Inv'rs, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 915 (1st Cir. 1988); *Link v. Wabash R.R.*, 370 U.S. 626 (1962); Fed. R. Civ. P. 83 ("A judge may regulate practice in any manner consistent with federal law . . ., and the district's local rules.").

Most important from the Court's perspective is that this is not the first settlement conference in this case. The Court conducted a settlement conference on October 20, 2017 that did not result in a resolution of the case.[1] [Dkt. 30.] Instead the parties elected to proceed to summary judgment. That motion has now been resolved and Plaintiff's claims under the Americans with Disabilities Act will proceed to trial if this matter is not resolved by settlement. This matter had already consumed a significant amount of judicial resources and will incur significantly more, at significant expense to the parties, if this matter is not resolved prior to trial. Given the procedural status of the case and the positions taken by Defendant at the previous settlement conference, the Court believes that Dr. Moore's presence at the September 24, 2018 settlement conference is essential to any possible resolution of this matter.

The attendance requirement of Dr. Moore is not "so onerous, so clearly unproductive, or so expensive in relation to the size, value, and complexity of the case that it might be an abuse of discretion." *Heileman*, 871 F.2d at 654. Any scheduling burdens were not communicated to the

---

[1] Defendant was represented at the first settlement conference by human resources representative Karen Murphey Griffith and counsel David Swider.

Court in the ample time given to the Defendant pursuant to the scheduling order, nor were exigent circumstances raised in the Defendant's motion to outweigh the "benefits to be gained, not only by the litigants but also by the court" by the presence of Defendant's chief executive officer at the settlement conference. *Id.*; [Dkt. 67.]

Defendant's Unopposed Motion for Leave of Provision Requiring Attendance of Chief Executive Officer at Settlement Conference is **DENIED**.

SO ORDERED.

Dated: 9 AUG 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert F. Hunt
HUNT HASSLER LORENZ & KONDRAS LLP
hunt@huntlawfirm.net

Robert Peter Kondras, Jr.
HUNT HASSLER KONDRAS & MILLER LLP
kondras@huntlawfirm.net

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

David L. Swider
BOSE MCKINNEY & EVANS, LLP
dswider@boselaw.com

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP
mwohlford@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com