UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| NIKKI J. VESTAL, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 2:17-cv-00155-JMS-MJD |
| HEART OF CARDON, LLC, | ) |
| Defendant. | ) |

# **ENTRY**

Dr. Stephen Moore, the CEO of Defendant Heart of CarDon, LLC ("Lyons"), does not want to attend a settlement conference scheduled in this employment case for September 24, 2018. Lyons moved for leave from the Magistrate Judge's order requiring Dr. Moore's attendance, [Filing No. 68], moved for reconsideration once the Magistrate Judge denied Lyons' motion for leave, [Filing No. 70], and, perhaps hoping that the third time might be a charm, has now objected to the Magistrate Judge's order, [Filing No. 72]. But Lyons has provided no reason to suggest that the Magistrate Judge's order requiring Dr. Moore's attendance was clearly erroneous, contrary to law or even an abuse of discretion. Accordingly, for the reasons set forth below, the Court OVERRULES Lyons' Objection to the Magistrate Judge's order.

## I.
### LEGAL STANDARD

Review of a magistrate judge's decision on a nondispositive motion is deferential, and the Court may sustain an objection to such an order only where it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary

to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Ind., LLC v. Origin Healthcare Solutions, LLC*, 2014 WL 6674757, *2 (S.D. Ind. 2014) (citations and quotation marks omitted).

## II.
### BACKGROUND

On April 5, 2017, Ms. Vestal filed this lawsuit alleging among other things that Lyons terminated her because of her disability. [*See* Filing No. 1.] On July 5, 2017, the Magistrate Judge scheduled a settlement conference in this matter, directing that each party be represented by a client representative "with complete authority to negotiate and communicate a settlement" and that, "unless excused by written order of the court, . . . an officer . . . of every corporate entity that is a party[] shall attend the settlement conference." [Filing No. 14 at 1-2.] On October 2, 2017, Lyons sought leave from the officer attendance requirement, [Filing No. 27], which was granted to the extent that the CEO or CFO "must be available by telephone . . . in the event their participation in the conference is deemed necessary by the Magistrate Judge," [Filing No. 28 at 2].

The first, pre-summary judgment settlement conference was held before the Magistrate Judge on October 30, 2017. [Filing No. 30.] After the settlement conference proved unsuccessful, [Filing No. 30], Ms. Vestal filed an Amended Complaint, [Filing No. 41], and voluntarily dismissed certain claims, [Filing No. 47].

On March 14, 2018, Lyons moved for summary judgment. [Filing No. 53.] On June 15, 2018, the Court granted Lyons' motion in part and denied it in part, finding that genuine issues of material fact concerning Ms. Vestal's ADA claims precluded summary judgment. [Filing No. 66.] The Court "request[ed] that the Magistrate Judge confer with the parties regarding the possibility of settlement." [Filing No. 66 at 28.]

On June 20, 2018, the Magistrate Judge scheduled a second, post-summary judgment settlement conference for September 24, 2018. [Filing No. 67.] The Magistrate Judge ordered that Ms. Vestal appear in person by counsel and that Lyons appear by its CEO and by counsel. [Filing No. 67 at 1.] The Magistrate Judge further ordered that "[a] request to vacate or continue the settlement conference must be made by motion filed with the court on or before June 27, 2018, except in exigent circumstances." [Filing No. 67 at 2 (emphasis omitted).]

On August 7, 2018, Lyons moved for relief from the requirement that Dr. Moore appear at the settlement conference. [Filing No. 68.] Lyons requested that another "member of its four-person Senior Executive Team," with full settlement authority, be permitted to appear in Dr. Moore's stead and stated that "Dr. Moore is presently scheduled to preside over executive-level financial review meetings unrelated to this case in the afternoon of September 24, 2018." [Filing No. 68 at 2.]

On August 9, 2018, the Magistrate Judge denied Lyons' motion to excuse the CEO. [Filing No. 69.] The Magistrate Judge noted that Dr. Moore's scheduling conflict should have been brought to the Court's attention by the June 27 deadline to enable the Court and parties to mutually select an available date. [Filing No. 69 at 1-3.] The Magistrate Judge observed as follows:

> Most important from the Court's perspective is that this is not the first settlement conference in this case. The Court conducted a settlement conference on October 20, 2017 that did not result in a resolution of the case. Instead the parties elected to proceed to summary judgment. That motion has now been resolved and Plaintiff's claims under the Americans with Disabilities Act will proceed to trial if this matter is not resolved by settlement. This matter had already consumed a significant amount of judicial resources and will incur significantly more, at significant expense to the parties, if this matter is not resolved prior to trial. Given the procedural status of the case and the positions taken by Defendant at the previous settlement conference, the Court believes that Dr. Moore's presence at the September 24, 2018 settlement conference is essential to any possible resolution of this matter.

> The attendance requirement of Dr. Moore is not "so onerous, so clearly unproductive, or so expensive in relation to the size, value, and complexity of the case that it might be an abuse of discretion." [*G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 654 (7th Cir. 1989)]. Any scheduling burdens were not communicated to the Court in the ample time given to the Defendant pursuant to the scheduling order, nor were exigent circumstances raised in the Defendant's motion to outweigh the "benefits to be gained, not only by the litigants but also by the court" by the presence of Defendant's chief executive officer at the settlement conference. *Id.*

[Filing No. 69 at 4-5 (internal footnote and record citations omitted).]

On August 13, 2018, Lyons moved for reconsideration of the Magistrate Judge's order excusing the CEO, arguing that the Magistrate Judge was mistaken in raising the deadline to vacate as a grounds for denial, that the motion was unopposed, and that the proposed corporate representative would better fulfill "the primary objective of the conference." [Filing No. 70 at 3.] The next day, the Magistrate Judge denied Lyons' motion for reconsideration in a marginal entry, explaining that he had fully considered and addressed Lyons' arguments in his initial order. [Filing No. 70 at 1.]

On August 17, 2018, Lyons filed its Objection to the Magistrate Judge's order denying its motion to excuse Dr. Moore. [Filing No. 72.] The time for further briefing has expired, *see* S.D. Ind. L.R. 7-1(b)(3)(B), and Lyons' Objection is ripe for decision.

### III.
#### DISCUSSION

Lyons objects to the Magistrate Judge's denial of its motion to excuse on several grounds. First, while not labelled as a separate argument, Lyons continues to suggest that the Magistrate Judge erred by citing to the deadline for seeking continuances to support denying its motion to excuse. [*See* Filing No. 72 at 3.] Second, Lyons argues that its proposed representative would be better suited to resolving this matter and that requiring the CEO to attend imposes an unreasonable burden on Lyons and "goes directly against the desire of the parties." [Filing No. 72 at 4-6.]

4

Finally, Lyons suggests that the Magistrate Judge's order was motivated by "animus," as evinced by a recent telephonic conference in a different lawsuit at which the Magistrate Judge chastised Lyons' counsel for not informing Dr. Moore—a party-defendant to that lawsuit—of the requirement that all parties appear in person for a settlement conference. [Filing No. 72 at 6-8.]

In response, Ms. Vestal clarifies that while she did not object to Lyons' motion to excuse its CEO, she "is confident in Judge Dinsmore's judgment and sees no reason to amend his orders on the settlement conference." [Filing No. 73 at 1.]

In short, the Court agrees with Ms. Vestal that Lyons has failed to present any grounds for reversing the Magistrate Judge's order requiring Dr. Moore to appear in person at the settlement conference. Federal Rule of Civil Procedure 16(c) provides that, "[i]f appropriate, the court may require that a party or its representative be present . . . to consider possible settlement." Fed. R. Civ. P. 16(c). "The spirit, intent, and purpose of Rule 16 is broadly remedial, allowing courts to actively manage the preparation of cases for trial. Rule 16 is not designed as a device to restrict or limit the authority of the district [court] in the conduct of pretrial conferences," and the district court holds the "inherent authority to preserve the efficiency . . . of the judicial process." *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir. 1989) (en banc) (applying 1987 version of Rule 16). The 1997 Amendment to Rule 16(c) codified what the Seventh Circuit had long ago held: the district court holds the power to "direct that . . . a responsible representative of the parties be present," recognizing that, "depend[ing] on the circumstances," the representative could be "an officer of a corporate power." Fed. R. Civ. P. 16(c) advisory committee's note (1993 Amendment). The Rules Committee reiterated the Seventh Circuit's holding in *G. Heileman* that "[t]he explicit authorization in the rule to require personal participation in the manner stated is not intended to limit the reasonable exercise of the court's inherent powers." *Id.*

5

The Magistrate Judge's order complies with the directives of Rule 16(c) and the principles announced by the Seventh Circuit in *G. Heileman*. None of Lyons' contentions demonstrate clear or legal error. First, Lyons continues to rehash its argument that the Magistrate Judge should not have cited the deadline for seeking continuances in denying its motion to excuse. But as the Magistrate Judge explained, Lyons has emphasized the burden that the settlement conference will impose upon Dr. Moore. The Magistrate Judge observed that a timely motion to continue would have permitted all interested parties to select a date more convenient than September 24, when Dr. Moore apparently has "financial review meetings" scheduled. That observation is without error.

Next, Lyons relies upon nothing more than *ipse dixit* to support its argument that requiring Dr. Moore to appear in person would be unduly burdensome and counterproductive. Most critically, Lyons completely fails to address the Magistrate Judge's finding that the "positions taken by Defendant at the previous settlement conference" impeded progress toward a negotiated resolution and that "[t]his matter ha[s] already consumed a significant amount of judicial resources and will incur significantly more, at significant expense to the parties, if this matter is not resolved prior to trial." [Filing No. 69 at 4.] Indeed, this Court is the second busiest district court in the country as measured by weighted filings per judgeship, United States Courts, *U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics*, (June 30, 2018), http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2018.pdf, and the Magistrate Judge correctly took into account the Court's interest in expediently resolving pending matters. Though Lyons may disagree that requiring Dr. Moore's attendance will expedite the resolution of this matter, its disagreement in the face of the Magistrate Judge's assessment of the unsuccessful first settlement conference falls far short of demonstrating clear error.

Finally, Lyons levels the serious charge that the Magistrate Judge's orders are motivated not by "the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, but by "animus," [Filing No. 72 at 6]. Lyons' argument is meritless. To the extent Lyons' counsel complains about being chastised by the Magistrate Judge in another matter for failing to advise Dr. Moore, who was a party-defendant, of the routine requirement that all parties personally attend the settlement conference, that injury may only be fairly characterized as self-inflicted. Courts have imposed and upheld sanctions far more severe than chastisement for ignoring the personal attendance requirement. *See, e.g.*, *G. Heileman*, 871 F.2d at 650 (upholding sanction of $5,860.01 in costs and fees where "a principal of the corporation" failed to attend settlement conference); *Ivan Ware & Son, Inc. v. Delta Airaq, Inc.*, 2017 WL 379459 (W.D. Ky. 2017) (adopting recommendation to impose sanction of $2,500 against defendant who failed to appear at settlement conference); *Brake Plus LLC v. Kinetech, LLC*, 2015 WL 859368 (S.D. Ind. 2015) (adopting recommendation to enter default against two defendants who failed to appear at settlement conference and subsequent show cause hearing).

Moreover, the Magistrate Judge's order does not demonstrate that Lyons' counsel has been singled out in any way. Magistrate Judge Dinsmore has more than occasionally ordered that particular executives or other directors attend post-dispositive motion settlement conferences when he has deemed it necessary to the resolution of the case. *E.g.*, Minute Entry, *Elder Care Providers of Ind., Inc. v. Home Instead, Inc.*, No. 1:14-cv-1894-SEB-MJD (S.D. Ind. Oct. 12, 2017), ECF No. 350 ("[E]very individual party, and the chief executive officer of every corporate entity that is a party, shall attend the settlement conference"); Scheduling Order, *Edson v. Dreyer & Reinbold Inc.*, No. 1:15-cv-861-TWP-MJD (S.D. Ind. Dec. 30, 2016), ECF No. 58 ("Plaintiff Karla Edson and the President/Chief Executive Officer of Defendant Dreyer & Reinbold, Inc. shall attend the

settlement conference in person."); Scheduling Order, *Contour Hardening, Inc. v. Vanair Mfg., Inc.*, No. 1:14-cv-26-JMS-MJD (S.D. Ind. Dec. 14, 2015), ECF No. 93 (ordering CEO of both parties to attend settlement conference); *cf., e.g.*, Scheduling Order, *Breitweiser v. Hunt*, 1:15-cv-1687-TWP-MJD (S.D. Ind. Feb. 16, 2018) (ordering all counsel, named parties, and current directors of Indiana Department of Child Services to attend hearing on issues regarding settlement resolution). This confirms that the Magistrate Judge was exercising his discretion in light of the circumstances of this case, just as he has done in the thousands of cases to come before him. In short, Lyons' claim of "animus" is wholly unsupported and fails to demonstrate clear or legal error in the Magistrate Judge's order.

## IV.
### CONCLUSION

Dr. Moore and Lyons clearly disagree with the Magistrate Judge's evaluation of the proceedings and conclusion that Dr. Moore's presence at the upcoming settlement conference would aid in the resolution in this matter. But their disagreement does not equate to clear or legal error, and the Magistrate Judge amply justified his decision with a discussion of relevant law and unchallenged observations from the first, unsuccessful settlement conference in this matter. The Court therefore **OVERRULES** Lyons' Objection [72] and **AFFIRMS** the Magistrate Judge's order that Dr. Moore personally attend the September 24 settlement conference.

Date: 9/4/2018

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**